IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY L. FARIS,               ) | |
|                                ) | |
|     Plaintiff,      ) | |
|                                ) | |
| -vs-                           ) | Civil Action No.  21-423 |
|                                ) | |
| KILOLO KIJAKAZI,               ) | |
| *Acting Commissioner of Social Security*, ) | |
|                                ) | |
|     Defendant.      ) | |

# **ORDER**

AND NOW, this 20th day of July, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge's ("ALJ") rejection of the psychological opinions of record and her reasons given were not supported by substantial evidence.  Plaintiff suggests that the ALJ needed to give "better reasons" for her rejection of the same.  As such, Plaintiff submits that the case should be remanded.  After a careful review and reading the decision of the ALJ as a whole, the Court disagrees.

An ALJ is charged with formulating the residual functional capacity ("RFC") based on all of the relevant evidence. *See* 20 C.F.R. § 404.1545(a). The RFC represents a claimant's maximum capacity for full-time work and is essential to the ALJ's determination of whether a claimant is disabled. *See Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001). In making the RFC determination, an ALJ must explain the basis for the finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli*, 247 F.3d at 41; *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *See Burnett,* 220 F.3d at 121 (citing *Cotter,* 642 F.2d at 705). The substantial evidence threshold is "not high." *Biestek*, 39 S. Ct. at 1154. Where an ALJ supports his or her findings with "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," reviewing courts must leave those findings undisturbed. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (explaining that reviewing courts may not "substitute [their] conclusions for those of the fact-finder"). Though deferential, the substantial evidence standard does not permit conclusory findings; ALJs must provide enough analysis to allow for "meaningful judicial review." *See Fargnoli*, 247 F.3d at 40 n. 4 (*citing Burnet*, 220 F.3d at 119–20). Accordingly, when ALJs "reject pertinent or probative evidence," they must explain the rejection sufficiently to afford a reviewing court the benefit of the factual basis underlying the finding. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008) (*citing Cotter*, 642 F.2d at 706). In articulating these analyses, ALJs are not beholden to any "particular language" or "particular format." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

For claims filed on or after March 27, 2017, as is the case here, an ALJ's consideration of medical opinion evidence in formulating the RFC finding is subject to the framework set forth at 20 C.F.R. § 404.1520c. Pursuant to Section 404.1520c(b), an ALJ must articulate his or her consideration of an opinion's persuasiveness. Five factors are at the ALJ's disposal as he or she determines persuasiveness, of which the ALJ must address the two factors that are considered most important: supportability and consistency. *Id.* at § 404.1520c(a)-(c). To that end, the Court notes that, as a general matter, check box forms "are weak evidence at best." *Mason v. Shalala,* 994 F.2d 1058, 1065 (3d Cir. 1993).

Here, there is no question that the ALJ considered all of the psychological opinions of record. To that end, the ALJ discussed the same and sufficiently explained the reasons why she found them to be unpersuasive. In so doing, the ALJ explained her consideration of the supportability and consistency of the opinions while comparing the same to Plaintiff's testimony and statements, the medical evidence of record, the treatment records, objective evidence, other opinion evidence, and Plaintiff's activities of daily living. (R. 17-28). This analysis properly complies with the directives of Section 404.1520c. As such, this Court is able to conduct a meaningful judicial review.

Moreover, contrary to Plaintiff's suggestion otherwise, an ALJ's RFC finding need not be justified by reference to a specific medical opinion. *See Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 (W.D. Pa. Mar. 30, 2016) (*citing Doty v. Colvin*, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)). Not

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Document No. 18) is GRANTED as set forth herein.

/s  Alan N. Bloch
United States Senior District Judge

ecf:    Counsel of Record

---

only is this consistent with a plain reading of the decision upon which Plaintiff bases her argument, *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986), but it is also consistent with subsequent Third Circuit case law, which has consistently provided that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1520c; 404.1546(c). It is also consistent with the Third Circuit's statement that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Thus, *Doak* does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a *de novo* review, it is not proper for the Court to re-weigh the evidence at this juncture. *See Hundley v. Colvin*, No. 16-153, 2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016); *see also Weidow v. Colvin*, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim). After careful review, this Court finds that the ALJ's rationale for finding the psychological opinions of record unpersuasive are supported by substantial evidence. (R. 17-28).

Although Plaintiff does not agree with the ALJ's decision in this case, the question for this Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). For the reasons set forth above, the Court finds that substantial evidence does support the ALJ's decision. Accordingly, the decision is affirmed.

3